CLD-140                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4314
_____

IN RE:  FREDERICK H. BANKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Crim. Nos. 04-cr-00176-001 & 03-cr-00245-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 19, 2013
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2014 )
_____

OPINION
_____

PER CURIAM

Frederick Banks has filed a petition for a writ of mandamus requesting that we

order the District Court to direct a Magistrate Judge to vacate her finding that there was

probable cause to hold him on a violation of supervised release.  He also requests that he

be released from custody.  For the below reasons, we will deny the petition.

In 2005 and 2006, Banks was convicted of mail fraud, criminal copyright

infringement, money laundering, uttering and possession of a counterfeit or forged

security, and witness tampering.  He was sentenced to 123 months in prison and six years

of supervised release.  In May 2013, Banks was released from prison.  In October 2013, a petition was filed requesting a warrant for Banks's arrest for violating the terms of his supervised release.  On October 24, 2013, a Magistrate Judge found that probable cause existed to hold Banks.  Three days later, Banks filed his mandamus petition.

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought.  Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  See In Re Brisco, 448 F.3d 201, 212 (3d Cir. 2006).

On November 25, 2013, after Banks had filed his mandamus petition, the District Court found that Banks had violated his supervised release.  He was sentenced to fourteen months in prison and six months of supervised release.  Banks has appealed the District Court's decision.  See C.A. No. 13-4594.  Because Banks has an alternate remedy to challenge the revocation of his supervised release and is, in fact, pursuing that remedy, we will deny the mandamus petition.